STATE of Missouri, Respondent,

v.

Wardell Hardin PATTERSON, Jr., Appellant.

No. 56376.

Supreme Court of Missouri, Division No. 2.

Sept. 11, 1972.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

James L. McMullin, Hill & McMullin, Kansas City, for appellant; John J. Cosgrove, Kansas City, of counsel.

DONNELLY, Judge.

Appellant, Wardell Hardin Patterson, Jr., was convicted of murder in the second degree by a jury in the Circuit Court of Montgomery County, Missouri, and his punishment was assessed at 30 years in the penitentiary. Following rendition of judgment and imposition of sentence, an appeal was perfected to this Court.

Appellant's sole point on appeal is that the trial court erred in refusing to give an instruction on manslaughter.

■ It is now well-established that unless we can declare as a matter of law that there is "an entire absence of evidence upon which to rest a verdict of guilty of manslaughter" (Sparf and Hansen v. United States, 156 U.S. 51, 64, 15 S.Ct. 273, 278, 39 L.Ed. 343), it is the duty of the trial court to give an instruction on manslaughter. State v. Ayers, Mo.Sup., 470 S.W.2d 534, 538.

On January 19, 1969, appellant and his wife went to a party at the J & H Lounge in Mexico, Missouri. An argument ensued between appellant and one Robert Russell and appellant shot and killed Russell. Appellant later gave a statement to various police officers and the prosecuting attorney. The prosecuting attorney read portions of the statement to the jury. The State, in its brief, has summarized this evidence as follows:

"In this statement the appellant admitted shooting the deceased. The appellant's account of the incident in the statement was as follows: He and his wife had gone to the party where he was harassed by four or five of the people there, especially the deceased. After this continued for some time he took his pistol from his wife's purse. He had been informed that the deceased carried a knife. Having taken the pistol into his possession he resolved to himself, 'Now I'm going back here and if he tries to do something to me, I'm going to kill him.' While standing at the back door immediately prior to the shooting the appellant saw that the deceased had a knife in his hand. The deceased then invited the appellant outside. At this time the deceased pulled his knife and the appellant shot him. The appellant stated he shot him, because he would not let anyone kill him. The appellant fired three times. Once with the deceased facing him, and twice as the deceased fled around the corner.

"The evening of the incident the appellant had been drinking.

"The appellant described in detail the alleged actions of the deceased in threatening him with a knife. At the time of the shooting the appellant and the deceased were approximately five feet apart.

"The appellant stated that he did not leave the J & H Lounge earlier because he was afraid he would have been stabbed in the back or jumped by the deceased or several of his friends.

"The appellant did not intend to kill the victim, therefore he shot him in the shoulder. When the victim fled from the appellant after the appellant fired his first shot, it was the appellant's belief that the victim was headed for a gun which was hidden around the corner. The appellant did not know the victim. The appellant asserted that the attack was in self-defense."

In State v. Clough, 327 Mo. 700, 705, 38 S.W.2d 36, 38, this Court said:

"The authorities are fairly harmonious in holding that, in order for a homicide to be reduced from murder to manslaughter, there must be a sudden unex-

pected assault, encounter, or provocation tending to excite the passion beyond control. It is not the assault or the provocation alone that reduces the grade of the crime, but it is the sudden happening or occurrence of the provocation so as to render the mind incapable of reflection and obscure the reason so that the elements of malice and deliberation necessary to constitute murder are absent, and therefore the crime is not murder, but manslaughter."

■ On this record, we hold that the trial court erred in failing to instruct on manslaughter because we cannot declare as a matter of law that the killing of Robert Russell was not the result of a "sudden unexpected assault, encounter, or provocation tending to excite the passion beyond control." State v. Clough, supra; State v. Ayers, supra; and Stevenson v. United States, 162 U.S. 313, 16 S.Ct. 839, 40 L.Ed. 980, wherein the United States Supreme Court said:

"A judge may be entirely satisfied, from the whole evidence in the case, that the person doing the killing was actuated by malice; that he was not in any such passion as to lower the grade of the crime from murder to manslaughter by reason of any absence of malice; and yet, if there be any evidence fairly tending to bear upon the issue of manslaughter, it is the province of the jury to determine from all the evidence what the condition of mind was, and to say whether the crime was murder or manslaughter."

The judgment is reversed and the cause remanded.

MORGAN, P. J., HENLEY, J., and PETERS, Special Judge, concur.