**STATE of Missouri, Respondent,**

v.

**Leslie JOHNSON, Appellant.**

**No. 57890.**

Supreme Court of Missouri,
Division No. 2.

Feb. 11, 1974.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

William M. Nicholls and Thomas W. Challis, St. Louis, for appellant.

STOCKARD, Commissioner.

Appellant was convicted by a jury of murder in the first degree and was sentenced to life imprisonment. Notice of appeal was filed prior to April 9, 1973. Appellate jurisdiction is in this court. We reverse and remand.

On May 3, 1971, the body of Rosalie Thompson was found on the fourth floor landing of a housing project in the City of St. Louis. She had been stabbed to death. After his arrest on May 5, and after being advised of his constitutional rights, appellant made a statement to the police officers concerning the death of Rosalie Thompson. He stated that on the day of the homicide he and Leon Thomas met Rosalie Thompson and took her to appellant's apartment. After a short time the three of them left the apartment, and as they were going down the stairs, Thomas produced a knife and stabbed Rosalie Thompson. She fell across appellant, and he panicked and ran.

An employee of the housing project, Roosevelt Davis, was working outside the building where the stabbing occurred. He testified that he saw a man, whom he could not identify, running from the building and carrying a large knife with what appeared to be a red substance on the blade. He described the jacket being worn by the man as pink in color, and at the trial he stated that the jacket was similar to the one in court which belonged to appellant.

Shortly after the stabbing appellant entered the apartment of his cousin, Thelma Vann, which was in the same building. He was wearing a yellow jacket which had blood stains on the sleeve. Appellant placed the jacket in a closet and went to the bathroom. Thelma Vann later placed the jacket in the bathtub and soaked it in water. A short time later appellant returned to the apartment, obtained the jacket, placed it in a paper bag and then left. The jacket was obtained from appellant's apartment by the police. Appellant later called Thelma Vann and told her to deny that she had seen him the day of the homicide.

Appellant presents several assignments of error on this appeal, one of which is that the trial court erred in failing to instruct the jury on second degree murder.

The trial court gave an instruction on first degree murder. There was no request for an instruction on second degree murder and none was given. However, if the evidence in this case would have justified the conviction of the lesser degree of homicide, second degree murder, the court was required to instruct the jury as to that offense whether requested or not. Rule 26.02(6) V.A.M.R.

The principal distinction between first and second degree murder is the element of deliberation. State v. Ayers, 470 S.W.2d 534 (Mo. banc 1971). "It is 'well established that the deliberation and premeditation necessary to constitute murder in the first degree may be inferred from the circumstances.'" State v. Cuckovich, 485 S.W.2d 16 (Mo. banc 1972); State v. Davis, 472 S.W.2d 389 (Mo.1971). The only evidence in this case of deliberation is circumstantial. Assuming for the purposes of this opinion that an inference of deliberation was permissible, such an inference was not compelled, and if the jury determined not to draw such an inference the evidence then supported a finding of second degree murder. This is not a case in which, under the evidence, the accused is guilty of murder in the first degree or is entitled to be acquitted. See, for example,

State v. Crow, 486 S.W.2d 248 (Mo.1972); State v. Terry, 472 S.W.2d 426 (Mo.banc 1971). Instead, the evidence authorized an inference of deliberation, but did not compel such a finding, and therefore it supported a finding of murder in the second degree. Under such circumstances, an instruction on murder in the second degree should have been given in order to afford the jury that choice. State v. Hyster, 504 S.W.2d 90 (Mo.1974); State v. Patterson, 484 S.W.2d 278 (Mo.1972). Failure to so instruct was reversible error.

In view of the disposition of this appeal it is not necessary that we now rule on the other points in appellant's brief.

The judgment is reversed and the cause remanded.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.