STATE of Missouri, Plaintiff-Respondent,

v.

Wardell Hardin PATTERSON, Jr., Defendant-Appellant.

No. 35678.

Missouri Court of Appeals, St. Louis District, Division 2.

Nov. 26, 1974.

**572**

James L. McMullin, Hill, McMullin & Wilson, Kansas City, for defendant-appellant.

Thomas I. Osborne, Mexico, John C. Danforth, Atty. Gen., G. Michael O'Neal, Dan Summers, Asst. Attys. Gen., Jefferson City, James G. Gregory, Pros. Atty., Montgomery County, for respondent-plaintiff.

STEWART, Judge.

Wardell Hardin Patterson, Jr., who was convicted of murder in the second degree by a jury and sentenced to twenty-five years in the penitentiary, appeals from that judgment. The only assignment of error is the admission in evidence of a portion of his voluntary statement given to law enforcement officers. We affirm the trial court's judgment.

There is no question as to the sufficiency of the evidence, thus a brief statement of the facts will suffice. Defendant returned to Mexico, Missouri, his hometown, for a visit. On the evening of January 19, 1969, he and his "wife" went to the J & H Lounge, where a private party was in progress. Defendant and Robert Kenneth Russell engaged in a brief verbal exchange, while three of Russell's friends stood nearby. A short time later defendant obtained his gun from his "wife's" purse and placed it in his pocket. Defendant and Russell went into the kitchen area where they again exchanged words. Gary Lewis, one of Russell's friends, came into the kitchen and heard Russell say "We can go outside" and as Russell reached for the door defendant said, "We don't have to go outside." With that defendant produced the gun and shot and killed Russell. None of the witnesses saw a knife in the possession of deceased. No weapon was found on the deceased nor at the scene of the shooting.

Defendant ran from the scene but later surrendered to the Sheriff. A thirteen page voluntary statement was made by the defendant to law enforcement officers in which he admitted shooting Russell but only after Russell lunged at him with a knife.[1]

The defendant's statement, with the exception of certain portions which were stricken upon objection of defendant, was admitted and read into evidence by the State.

The defendant, who did not put on any evidence, interposed the defense of justifiable homicide through the use of the statement and by cross-examination of State's witnesses.

Defendant's out of court statement included the following:

"[Q] Was there any ill feeling between you and any of those four people?

[A] Yeah, I think there's going to be. The best thing for me to do if it's proven to be self-defense or whatever I got to do, I've got to go to St. Louis and come back up here to go to trial because if I don't, they'd fool with me, I'm going to kill them, or they're going to kill me, see what I mean. And I don't want no more problems."

At the trial defendant objected to the reading of the words "I'm going to kill them, or they're going to kill me". This

---

1. A detailed summary of the statement can be found in the prior appeal of this case.

State v. Patterson, 484 S.W.2d 278 (Mo. 1972).

objection, along with his request for a mistrial, was overruled.

Defendant contends that the portion of the statement to which he objected was ". . . inflammatory and prejudicial and constitutes evidence of other future crimes for which the accused was not on trial, and referred to the defendant's character and future criminal proclivities. . ."

The defendant refers us to eight cases as authority for his contentions. Two of the cases stand for the proposition that the State may not ordinarily introduce evidence that defendant has committed crimes other than that for which he is standing trial. State v. Lee, 486 S.W.2d 412 (Mo. 1972); State v. Holbert, 416 S.W.2d 129 (Mo.1967). These cases have no application to any contention raised. There can be no evidence of a crime until there has been an occurrence in which all of the elements of a particular crime are present. The concept of "other future crimes" eludes us.

In State v. Merritt, 460 S.W.2d 591 (Mo.1970), the State introduced a gun into evidence which had no connection with the defendant nor the crime charged. We fail to see any connection here. The remaining five cases merely enunciate the principle that prosecutors, in argument, may not arouse the personal hostility of the jurors against the defendant by causing them to fear that an acquittal would endanger their safety or that of their family. State v. Groves, 295 S.W.2d 169, 174 (Mo.1956); State v. Tiedt, 357 Mo. 115, 206 S.W.2d 524 (Mo.banc 1947); State v. Mobley, 369 S.W.2d 576 (Mo.1963); State v. Raspberry, 452 S.W.2d 169 (Mo.1970); and State v. Heinrich, 492 S.W.2d 109 (Mo.App. 1973).

In this case the prosecutor's argument made no reference to that portion of the statement to which defendant objects. There was no attempt to treat it as evidence of future criminal proclivities on the part of defendant. The jurors were not led to feel that an acquittal would endanger their safety or that of their families.

Nor, do we feel, as the State contends, that the portion of statement under consideration tends to show the intent of defendant in shooting Russell nor is it a threat against Russell's three friends.

■ Defendant did not object to the introduction of the major portion of the statement here considered. Such statements are admissible as an exception to the rule against hearsay if they constitute admissions against interest even though they include statements purporting to be exculpatory in nature. State v. McCloud, 328 S.W.2d 586 (Mo.1959). If the statement is admissible as an admission, defendant cannot complain that it was prejudicial. It has been well said, ". . . admissions of a defendant are always prejudicial in the sense that they may tend to prove his guilt. That is the purpose for offering and admitting them." State v. Gregg, 399 S.W.2d 7, 10 (Mo.1966).

■ In determining the nature of the portion of the statement to which defendant objects, it is necessary that we construe the statement in the light of all the circumstances to determine whether it constitutes an admission. Boiled to an essence, the issue is whether the nature of that statement is incriminating. It has been said that any statement evincing a consciousness of guilt is such an admission. State v. Spica, 389 S.W.2d 35, 53 (Mo. 1965); State v. Zerban, 412 S.W.2d 397, 399 (Mo.1967).

■ We must look at the whole of defendant's statement. He places himself at the scene and admits to shooting Russell, the deceased. He, however, attempts to exculpate himself by telling his interrogators that Russell first lunged at him with a knife. He relates that after shooting Rus-

sell he fled, running down the street with a number of Russell's friends chasing. He was fearful, " . . . they was laying to kill me right now. But I tell you if I get out on bond, say man, I'm going to protect myself, I'm going to protect myself." Sometime later in the statement, in reference to the deceased and deceased's three friends, he was asked, "Was there any ill feeling between you and any of those four people?" He answered "Yeah, I think there's going to be. The best thing for me to do if it's proven to be self-defense or whatever I got to do, I've got to go to St. Louis and come back up here to go to trial because if I don't, they'd fool with me, I'm going to kill them, or they're going to kill me, see what I mean. And I don't want no more problems."

The words "I'm going to kill them or they're going to kill me" cannot be isolated but must be taken in the context of the entire statement. When so viewed, it tends to confirm the shooting, it shows his consciousness of the fact that he had killed a friend of those whom he now fears. He sought sanctuary in the jail. The statement is an appraisal of his present condition, including a realization of the prosecution facing him, as he says " . . . I don't want no more problems". Despite his protestations of justification the statement, in its entirety and each of its parts taken in context, evinces a consciousness of guilt. As Shakespeare says, "Thus conscience does make cowards of us all" Hamlet III, i. The statement was incriminating and was admissible.

■ The statement complained of was admissible for yet another reason. No objection was made to the earlier statement, "I'm going to protect myself, I'm going to protect myself". The subsequent statement, " . . . I've got to go to St. Louis and come back up here to go to trial because if I don't, they'd fool with me, I'm going to kill them, or they're going to kill me, see what I mean. And I don't want no more problems.", is evidence of the same general tenor and thus defendant waived the right to have this evidence excluded. State v. Menard, 331 S.W.2d 521, 524 (Mo.1960); Marshall v. Bobbitt, 482 S.W.2d 439, 444 (Mo.1972).

The judgment is affirmed.

SMITH, P. J., and KELLY, J., concur.