**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Charles Lee GREEN,
Defendant-Appellant.**

**No. 43680.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 13, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Application to Transfer Denied
Oct. 18, 1982.

George Westfall, Pros. Atty., Clayton, Kristie Green, Asst. Atty. Gen., John Ashcroft, Atty. Gen., Jefferson City, for defendant-appellant.

William Shaw, Public Defender, Michael R. Young, Asst. Public Defender, Clayton, for plaintiff-respondent.

SIMON, Judge.

Charles Lee Green appeals his conviction of robbery in the first degree, § 569.020 RSMo 1978, by a jury in the Circuit Court of St. Louis County. The jury's verdict set Green's punishment at ten years and the trial judge increased the punishment to fifteen years after finding that Green was a persistent offender.

On appeal, Green contends that the trial court erred: (1) in allowing into evidence the testimony of Sergeant Wilcox, of the University City Police Department, concerning the alibi Green gave at the time of his arrest; (2) in sustaining the state's hearsay objection to defense counsel's question concerning Wilcox's conversation with an alibi witness; (3) in setting aside the sentence *nunc pro tunc* and then resentencing Green; and, (4) in sentencing Green to an extended term as a persistent offender after the jury had assessed Green's punishment at ten years.

During the sentencing proceeding, Green was found to be a persistent offender; the trial judge imposed a ten year sentence pursuant to the verdict and an additional five year consecutive term as a persistent offender. It was called to the trial court's attention that the sentencing of Green was done incorrectly, i.e. Green should have only received one sentence for the offense.

The trial court immediately issued an order *nunc pro tunc* setting aside the two sentences and then resentenced Green to one fifteen year term.

Green's motion for a judgment of acquittal and/or motion for a new trial was filed timely and denied. Green appealed.

We affirm the trial court's judgment.

Since Green does not question the sufficiency of the evidence, a short recitation of the pertinent facts will suffice. On the evening of February 21, 1980 Green boarded a westbound Bi-State bus at Delmar and Taylor Avenues in the City of St. Louis. When the bus reached the end of its scheduled run in University City, Green remained on the bus after the last passenger had exited. Green approached the bus driver, Deborah Bedell (Bedell), and ordered her to give him her purse. Bedell asked Green if he had a knife or a gun. Green answered, "No, but I have this," and struck her on the head with a steel pipe. Green grabbed the purse and fled.

Shortly after the robbery Officer Don Carver of the University City Police Department arrived on the scene of the robbery. Bedell, the bus driver, gave him a statement and a description of her attacker. On the night of the robbery, Bedell identified Green as her assailant from a series of police photographs at the police station. Approximately a week later, Bedell picked Green out of a police line-up. Detective Sergeant Samuel Wilcox (Sgt. Wilcox) informed Green of his *Miranda* rights and told him that Bedell had picked him out of the line-up. Green was then asked by Wilcox where he had been on the night of the robbery. Green replied that he had been playing cards with friends. Green's alibi at trial was that he was at a Golden Gloves' Boxing Tournament.

At trial, Bedell identified Green as the person who struck her and took her purse. Subsequently, Wilcox testified, over defense counsel's objections, that Green had told him that he spent the night playing cards with some friends.

Green's first contention on appeal is that the trial court erred in allowing Sgt. Wilcox to testify about Green's alibi given at the time of his arrest.

■ It has long been the rule in this state that statements are admissible as an admission against interest if they are made freely and voluntarily by persons accused of crimes even though they are exculpatory at the time they are given. *State v. Patterson,* 516 S.W.2d 571, 573 (Mo.App.1977). As our court held in *Patterson,* "[b]oiled to an essence, the issue is whether the nature of that statement is incriminating. It has been said that any statement evincing a consciousness of guilt is admissible." *Id.*

■ Green's alibi that he was playing cards when the robbery was committed evinces a consciousness of guilt. He had been identified as the perpetrator of the robbery by the victim. Under the admissibility rationale adopted by our Supreme Court in *State v. Spica,* 389 S.W.2d 35, 53 (Mo.1959), the testimony was properly admitted. In *Spica,* the Court citing 22 A. C.J.S. Criminal Law § 730, held:

'A statement of accused is to be construed in the light of all the circumstances in determining whether it is incriminating or an admission,' and 'Any statement or conduct indicating a consciousness of guilt, where at the time or thereafter, a person is charged with crime, is admissible as a circumstance against him on his trial. Thus it may be shown that accused gave false, improbable, or evasive statements to those investigating the crime.'

In *State v. Ross,* 606 S.W.2d 416, 425 (Mo.App.1980), this Court allowed exculpatory evidence into evidence holding:

[i]n this case defendant's comment that he had never been to the Wick's Furniture Store, when coupled with the submission into evidence of defendant's fingerprint taken from a countertop, was evidence of consciousness of guilt and properly admissible. *Id.*

Green's case is directly on point to the situation in Ross. Green's original alibi that he was playing cards, coupled with Bedell's identification of Green, evince a consciousness of his guilt.

Green's first point is denied because the hearsay testimony was properly admitted into evidence as an exception to the hearsay rule.

Green's second contention is that under the evidentiary rule of curative admissibili-

ty the trial judge should have allowed defense counsel to question Wilcox about his conversation with Green's alibi witness. This point is also denied because Wilcox's testimony about Green's alibi was properly admitted by the trial court as an exception to the hearsay rule. Therefore, no improper evidence was before the court to be neutralized by use of the rule of curative admissibility. *Rogers v. Toro Manufacturing Co.,* 522 S.W.2d 632, 637 (Mo.App.1975).

■ Green contends that the trial court erred in sentencing him as a persistent offender, in that, in the original enactment of § 558.016 RSMo 1978,[1] extended terms for class A felonies were omitted from the statutory language. Section 558.016 provided, in pertinent part:

4. The total authorized maximum terms of imprisonment for a persistent offender or a dangerous offender are:

(1) For a class B felony, a term of years not to exceed thirty years;

(2) For a class C felony, a term of years not to exceed fifteen years;

(3) For a class D felony, a term of years not to exceed ten years.

However, § 557.036.3(2)(b) RSMo 1978[2] provided for extended terms for persistent or dangerous offenders found guilty of class A felonies. Section 557.036 RSMo 1978 provided in pertinent part:

3. If the jury returns a verdict of guilty and declares a term of imprisonment as provided in subsection 2 of this section, the court shall proceed as provided in subsection 1 of this section except that any term of imprisonment imposed cannot exceed the term declared by the jury unless:

· · · · ·

(2) The defendant is found to be a persistent or dangerous offender as provided in section 558.016 RSMo, in which case:

· · · · ·

(b) If he has been found guilty of a class A felony, the court may impose any sentence authorized for a class A felony.

Terms of imprisonment for a class A felony were provided for in § 558.011.1(1) RSMo 1978[3] which, in pertinent part, was as follows:

558.011. *Sentence of imprisonment-incidents.*—1. The authorized terms of imprisonment, including both prison and conditional release terms are:

(1) For a class A felony, a term of years not less than ten years and not to exceed thirty years, or life imprisonment.

Therefore, Green's sentence was within the guidelines of §§ 558.016, 557.036, 558.011 RSMo 1978.

In *State v. Reese,* 625 S.W.2d 130, 134 (Mo. banc 1981), our Supreme Court addressed the omission of class A felonies from the punishment enhancement statute, § 558.016 RSMo 1978. In upholding the extended term of punishment imposed on the defendant, the court relied on § 557.-036.3(2)(b) RSMo 1978 which authorizes the court to impose any sentence authorized for a class A felony if the defendant is found to be a persistent or dangerous offender. Because of the unequivocal language used by our Supreme Court, there is no need for further consideration of this issue.

The sentence imposed is in accordance with the statutes. Green's point is denied.

■ Lastly, Green contends that the trial court should not be allowed to modify his sentence by issuing a *nunc pro tunc* order. It is a well established legal principle that the trial court has an inherent power to modify its judgment before it becomes effective. Rule 75.01. *State v. Burroughs,* 559 S.W.2d 42, 43 (Mo.App. 1977). In this case, the order *nunc pro tunc* was issued by the trial court, to correct a

---

1. Section 558.016 RSMo 1978 has been amended.

2. Section 557.036 RSMo 1978 has been amended.

3. Section 558.011 RSMo 1978 has been amended.

technical error in sentencing. Green's sentence remained at fifteen years. Green's final point is without merit.

The judgment of the trial court is affirmed.

DOWD, P. J., and GUNN, J., concur.

