**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Johnny BRISCOE, Defendant-Appellant.**

No. 47459.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

 

William J. Shaw, Asst. Public Defender, Clayton, for defendant-appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant-appellant Johnny Briscoe appeals convictions on eight counts, forcible rape (thirty years), sodomy (fifteen years consecutive), robbery second degree (fifteen years concurrent), burglary first degree (fifteen years concurrent), stealing (five years concurrent), and three counts of armed criminal action (fifteen years concurrent on each). He was tried and sentenced as a persistent offender, § 558.016.3, RSMo 1978, and sentenced to serve the terms indicated. The defense was alibi.

Defendant requests a new trial on all counts claiming part of the testimony of the complaining witness was both not probative of any disputed fact and so inflammatory as to deny appellant a fair trial. He also contends that since the acts supporting the stealing charge were a part of the robbery the conviction for stealing must fail on double jeopardy grounds.

The complaining witness positively identified defendant as the individual who entered her apartment during the early morning hours of October 21, 1982, threatened her with a knife and committed the acts charged. During a conversation he told her his name. The sufficiency of evidence to prove the crimes is not here contested. The testimony of the alibi witnesses, defendant's relatives, proved only that he was at home on a prior evening, not the evening in question.

Defendant asserts that the following testimony given on direct examination requires a new trial:

Q: You testified during this period of time that appellant displayed a knife?

A: Yes, he displayed a knife.

Q: This knife was placed in and around your face and pointed at you?

A: Yes.

Q: What effect, if any, did—how did that knife affect you?

MS. WHITE: Your Honor, I would object that it is irrelevant.

THE COURT: Overruled.

Q: (By Mr. Larrew): How did that knife affect you?

A: Well, I was wondering how bad it was going to hurt.

MS. WHITE: Your Honor, I object. I asked that answer be stricken. What she wondered was irrelevant and immaterial.

THE COURT: Overruled.

Q: (By Mr. Larrew): How did that knife affect you?

A: I wondered how bad it was going to hurt when he cut me and how many times he was going to cut me.

MS. WHITE: Your Honor, I object again. This is irrelevant and immaterial.

THE COURT: Overruled.

A: And I didn't want my Mom and Dad to find me.

■ This evidence was probative of lack of consent. "Where there is fear of violence that overpowers a woman's mind to resist, there is no consent." *State v. Hamm*, 577 S.W.2d 936, 939 (Mo.App.1979). The state had the burden to prove sufficient force to overcome consent. The prosecutor's questions were reasonably direct and invited only an answer that the knife placed the witness in fear of her safety. The questions did not invite or invoke a purely inflammatory answer and were not indicative of prosecutorial misconduct. *See State v. Hicks*, 535 S.W.2d 308 (Mo.App. 1976). Given the physical abuse inherent in the crimes charged the answers were not so inflammatory as to deny the defendant a fair trial. Under these circumstances, ".. relevance, not prejudice, is the touchstone of due process and that the question of whether the prejudicial effect of evidence outweighs its probative value rests within the sound discretion of the trial court." *State v. Trimble*, 638 S.W.2d 726, 732 (Mo. banc 1982), *cert. denied*, 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983), citing *State v. Shaw*, 636 S.W.2d 667, 672 (Mo.

banc), *cert. denied*, 459 U.S. 928, 103 S.Ct. 239, 74 L.Ed.2d 188 (1982). Finding no abuse a new trial is not warranted.

Our review of the evidence indicates that appellant's second point is valid and the conviction on Count V, stealing, is reversed.

■ The state proved that appellant obtained jewelry from the complaining witness under the threat of his use of a knife. The sexual crimes occurred immediately thereafter. This all occurred in the bedroom. After these events appellant twice went into the livingroom, once for cigarettes and once for a piece of paper. After the defendant left the complaining witness found credit cards missing from her wallet which was also in the livingroom.

A person may not be convicted of more than one offense for the same conduct, § 556.041, RSMo 1978, if the conduct is part of a second offense that is included in the first. § 556.046, RSMo 1978.

The state contends that the stealing of credit cards occurred when appellant entered the apartment and before the robbery of the jewelry. Defendant argues that the robbery, at knifepoint, occurred before the stealing, that the stealing was a part of a single course of conduct, and hence the stealing was a part of the robbery. *See State v. Cody*, 525 S.W.2d 333, 335 (Mo. banc 1975); *State v. Lewis*, 633 S.W.2d 110, 114–115 (Mo.App.1982).

In *State v. Lewis*, 633 S.W.2d 110 (Mo. App.1982) the Western District held that "the criminal code demonstrably does not intend to allow a court to convict [and then punish] a defendant for both robbery second degree and for stealing when the offenses are proved by the same conduct." *Lewis* at 114–15. The evidence in the case here did not establish separate conduct to support conviction of both crimes.

We reverse the conviction on Count V, stealing only, and affirm the judgment and sentence on all other counts.

REINHARD and CRANDALL, JJ., concur.