STATE of Missouri, Respondent,

v.

Parrish D. PHILLIPS, Appellant.

No. WD 35702.

Missouri Court of Appeals,
Western District.

April 9, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
May 28, 1985.

Application to Transfer Denied
June 25, 1985.

Leslie D. Edwards, St. Louis, for appellant.

John Ashcroft, Jefferson City, and Philip M. Koppe, Kansas City, for respondent.

Before SOMERVILLE, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

Defendant upon a jury trial was convicted of first-degree robbery, § 569.020, RSMo 1978, and armed criminal action, § 571.015, RSMo 1978, and was sentenced to prison terms of 20 years and 10 years respectively.

He appeals, alleging two instances of trial error which he argues entitle him to a new trial. He does not challenge the sufficiency of the evidence. We find the two points of error to be without merit and we accordingly affirm the judgment of conviction.

The facts are as follows:

Two men, one of them later identified as defendant, on March 11, 1983, robbed a Seven-Eleven store in Jefferson City by means of handguns. The robbers forced clerks Kevin Mohammadi and John Mo-

tlagh to hand over to them a sum of money from the safe. The amount is not disclosed by the record, but it included wrapped coins. The robbers put the loot in a white pillowcase and fled on foot. The time was circa 9:30 p.m.

Mohammadi and a customer, who had just driven up in his pickup truck, pursued the fleeing robbers with the truck. One of the robbers, fleeter of foot than the defendant, escaped, but they were able to keep the defendant (who was wearing a white raincoat) in view, except for two brief interruptions. One of the interruptions was when defendant turned and fired in the direction of the pursuing pickup truck; Mohammadi and the driver ducked behind the pickup dashboard. A little later in the chase, defendant disappeared briefly behind a house.

The police in the meantime had been alerted to the robbery. They saw the defendant running down the street. As the police car approached defendant he slowed to a walk, then turned off the sidewalk across a private yard where the police caught up with him and arrested him.

## I

We now take up defendant's allegations of error. The first is that the court erred in permitting the police to testify to some of defendant's statements made after the arrest. The first such statement was that he had transported a friend from St. Louis to Lincoln University in Jefferson City, had gotten lost, and had just stepped out of his car when the police arrested him. This statement was made on the night of defendant's arrest. Later that night, however, he said that he might be able to locate some items of evidentiary value in the vicinity where he was arrested. The officers returned the defendant to that vicinity, but nothing was located at that time.

The next day the officers took him to the vicinity of the arrest again, and he conducted them on a search around the houses in the area. He did not point out any hiding place, but the officers by their own search did find the gun under the porch of a house. Across the street in the rear of another house they found a paper sack containing coin wrappers, a check and Seven-Eleven receipts which were traced to the robbery. Confronted with the gun, defendant orally confessed to the robbery, expressly retracting his earlier story about having lost his way.

■ Defendant does not complain of the admission of the oral confession. This, defendant admits, was admissible as an "admission against interest". *State v. Thresher*, 350 S.W.2d 1, 9 (Mo.1961).

■ We hold that his statement that he could lead the police to evidence connected with the crime was also admissible. Any statement tending to connect the defendant with the crime may be introduced, if voluntarily made. *Id.* His statement that he could lead the police to evidence connected with the crime is of that character.

■ We hold admissible also his explanation of his presence at the time and place of his arrest. A patently untrue explanation of his presence there, though the explanation was exculpatory, was admissible to show consciousness of guilt. *State v. Green*, 639 S.W.2d 128, 130 (Mo.App.1982). Consciousness of guilt is further indicated by his having given the police a false name, namely, Paul DeAndre Phillips, instead of his true name of Parrish Darnell Phillips. *State v. Williams*, 623 S.W.2d 552, 554 (Mo.1981).

## II

Defendant undertook to argue an adverse (to the prosecution) inference from the state's failure to call as a witness the other clerk in the store. The court ruled that the witness was equally available to the defendant and sustained the state's objection to the argument. This ruling is assigned as error.

■ We hold that the trial court was within an allowable range of discretion in excluding the argument. There is no showing that the clerk was still in the employ of

the Seven-Eleven store, so as to be expected to favor the prosecution's side of the case. (The trial of the case was four months after the offense. Witness Mohammadi was himself no longer employed by Seven-Eleven.) There is no hint here that the state was practicing any deception in failing to subpoena the witness after having endorsed him on the information. The prosecutor said that the witness had been sitting out in the hallway during the trial and that this fact was known to the defense attorney. The prosecutor's statement was not challenged by the defense attorney or by the court. The fact of the robbery and the identity of the defendant as one of the robbers had been established by ample evidence. Another witness would have been superfluous. The state need not put on every possible witness to prove an essentially admitted fact. The court must be sustained in his ruling. *State v. Ganaway,* 556 S.W.2d 67, 69–70 (Mo.App.1977).

Judgment affirmed.

All concur.