**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Bruce Wayne BENSON,
Defendant-Appellant.**

No. 14009.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 31, 1985.

Motion for Rehearing and to Transfer
Denied Jan. 20, 1986.

Application to Transfer Denied
Feb. 18, 1986.

Michael Radosevich, Kathleen M. Markie, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, John Monson Morris, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

The defendant was charged with receiving stolen property, a 1980 Ford van, with the purpose of depriving the owner of the same. § 570.080. He was also charged with stealing four ball gloves, one softball and various tools, a stereo speaker and electrical testing equipment, § 570.030, and an attempt to steal an in-dash stereo that was in the van, §§ 564.011 and 570.030. Upon trial by the court, the defendant was found guilty of attempting to steal the stereo, but acquitted of the other charges. He was sentenced to imprisonment for two years.

The following is a brief outline of the facts. In the late afternoon of August 15, 1983, the owner reported to the police that his van had been stolen. A short time later, in driving through the area, the owner saw the van parked near the "Blue Note," a tavern in Poplar Bluff. At the time, the two front doors of the van were open. The owner saw two persons in the front of the van, leaning towards the center. He drove about a block away and told an acquaintance to call the police. Within five minutes after first seeing the van, he drove back to a position where he could watch the van. But, from that position he could not determine if anyone was in the van.

Two police cars arrived within a few minutes. Upon approaching, one officer saw a man in the passenger's seat. He also saw someone get out of the van on the driver's side. Upon moving forward, he saw the defendant standing by the door. The defendant threw something toward a nearby woods and got back into the van.

Another officer, who arrived a few seconds later, saw two men in the van who appeared to be working on the dash. When the officers reached the van, the defendant and another man were ordered from it and were arrested.

The dash board of the van had been damaged. The knobs had been removed from it and the stereo pushed back into the dash. It appeared someone had attempted to pry the stereo out of the dash. The ball gloves and related property, which had been in the van, were found some distance from it, by the side of the Blue Note. The defendant said he had been in the Blue Note. He heard the police cars and went to see what was going on. He denied having been in the van.

■ By his first point the defendant contends there was error in submitting the three charges to the court. Without distinguishing one from the other, the defendant makes three arguments to support this point. He first argues the state may not break up a single offense into multiple, separate offenses. He cites § 570.050 and *State v. Cody*, 525 S.W.2d 333 (Mo. banc 1975). This court need not consider the force of that case in the light of *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) and *Ohio v. Johnson*, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). Compare *State ex rel. Westfall v. Campbell*, 637 S.W.2d 94 (Mo.App.1982) which involved successive prosecutions. Each of the three charges asserts a different act, which, as demonstrated by the evidence, could have been accomplished at a different time. The facts and result of the trial demonstrate the defendant could be guilty of one charge and not the others. Under the charges and facts, the section and case cited do not support the defendant's point of error. Such charges fall within the orbit of *State v. Olson*, 636 S.W.2d 318 (Mo. banc 1982).

■ By his premise for his next two arguments, the defendant recognizes the charges allege separate offenses. His premise is that the latter two offenses charged were lesser included offenses of receiving stolen property, the 1980 Ford van. Therefore, he next concludes that by hearing evidence on the three charges, the court impermissibly placed him in double jeopardy contrary to the Fifth Amendment.

It is not necessary to determine if the defendant's premise is or is not correct. This opinion should not be construed as doing so. Even accepting that premise to be true, there was no error. The defendant has not been subjected to successive trials. Cf. *State v. Lewis*, 599 S.W.2d 94 (Mo.App. 1980). "[O]n the authority of ... Brown v. Ohio, supra, the State is not prohibited by the Double Jeopardy Clause from charging respondent with greater and lesser included offenses and prosecuting those offenses in a single trial." *Ohio v. Johnson*, supra, — U.S. at ——, 104 S.Ct. at 2541, 81 L.Ed.2d at 434. "While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions on the same offense, the Clause does not prohibit the State from prosecuting respondent for such multiple offenses in a single prosecution." Id., — U.S. at ——, 104 S.Ct. at 2541, 81 L.Ed.2d at 434.

> The double jeopardy clause does not prohibit the prosecution from charging and trying a criminal defendant for both the greater offense and the lesser included offense in a single trial. See *Harris v. Oklahoma*, 433 U.S. 682, 682–83, 97 S.Ct. 2912, 2912–13, 53 L.Ed.2d 1054 (1977) (per curiam); see also *State ex rel. Westfall v. Ruddy*, 621 S.W.2d 42, 45 (Mo. 1981) (banc) (second degree robbery and armed criminal action).

*Thompson v. State of Missouri*, 724 F.2d 1314, 1319 (8th Cir.1984). (Footnotes omitted).

■ Upon the above premise, the defendant also relies upon §§ 556.041 and 556.046 to establish error in such submission. He misconstrues those statutes. It is true, "[a] person may not be convicted of more than one offense for the same conduct, § 556.041, RSMo 1978, if the conduct is part of a second offense that is included in the first. § 556.046, RSMo 1978." *State*

**554**

*v. Briscoe,* 672 S.W.2d 370, 372 (Mo.App. 1984). But,

> [n]or do we find that Secs. 556.041, 556.046, or 570.050 RSMo 1978 preclude conviction for the separate offense of stealing the automobile. The first two identify what constitutes multiple offenses and included offenses. They are not intended to be a statement of the rules regarding double jeopardy. See Comment to 1973 Proposed Code, Sec. 556.041 V.A.M.S.

*State v. Johnson,* 672 S.W.2d 158, 160 (Mo. App.1984). "Application of criminal code §§ 556.041(1) and 556.046.1(1) permits the prosecutor to charge a defendant, in separate counts, with *both* the underlying felony (here robbery in the second degree) and armed criminal action (robbery second degree with a gun) and, if the evidence supports both, to submit both felonies to the jury." *State ex rel. Westfall v. Ruddy,* 621 S.W.2d 42, 44–45 (Mo. banc 1981). (Footnotes omitted). "Assuming that the evidence in the case supports both crimes, the court may instruct on both armed criminal action and the underlying felony; however, the jury may convict of only one of them pursuant to § 556.041(1)." Id., at 45. It is appropriate to observe the latter limitation must be considered in the light of later cases.

> Our analysis and reasoning in *Whalen* [*v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980)] and *Albernaz* [*v. United States,* 450 U.S. 333, 101 S.Ct. 1137, 67 L.Ed.2d 275 (1981)] lead inescapably to the conclusion that simply because two criminal statutes may be construed to proscribe the same conduct under the *Blockburger* test [*Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932)] does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes.

*Missouri v. Hunter,* supra, 459 U.S. at 368, 103 S.Ct. at 679, 74 L.Ed.2d at 543. "In contrast to the double jeopardy protection against multiple trials, the final component

of double jeopardy—protection against cumulative punishments—is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson,* supra, —— U.S. at ——, 104 S.Ct. at 2541, 81 L.Ed.2d at 433. E.g., see § 571.017. "Under the teaching of *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983), it would be entirely proper to charge, try, and convict a person of armed criminal action under § 571.015, in addition to the underlying felony." *State v. Kirksey,* 647 S.W.2d 799, 803 (Mo. banc 1983). The defendant's first point is denied.

■ The defendant's second point is that there was insufficient evidence to support the conviction. Of course, the evidence is to be viewed in the light most favorable to the decision, including all reasonable inferences therefrom, and ignoring contrary evidence and inferences. *State v. Jones,* 672 S.W.2d 707 (Mo.App.1984). The defendant was seen in the van and appeared to be working on the stereo. The condition of the stereo and dash, the location of tools on the floor board of the van and the fact the defendant was in the van when ordered from it by the police, support a reasonable inference that the defendant was attempting to steal the stereo. The inference is strengthened by the defendant's denial of being in the van. *State v. Green,* 639 S.W.2d 128 (Mo.App.1982). Eyewitness testimony to the act of attempting to pry the stereo from the dash is not necessary. *State v. McKinney,* 630 S.W.2d 96 (Mo.App.1981). There was substantial evidence to support the conviction. *State v. Giffin,* 640 S.W.2d 128 (Mo.1982). The judgment is affirmed.

PREWITT, C.J., CROW, P.J., and FLANIGAN, J., concur.