**STATE of Missouri, Respondent,**

v.

**Don Leonard McKINNEY, Appellant.**

**No. 43479.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 8, 1981.

Motion for Rehearing and/or Transfer
Denied Jan. 15, 1982.

Application to Transfer Denied
Feb. 16, 1982.

Robert W. Meyers, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, John M. Morris, III, Asst. Attys. Gen., Jefferson City, George Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Presiding Judge.

Defendant was convicted of stealing over $150, in violation of Section 570.030 RSMo. 1978 and was sentenced to two years with the Department of Corrections. On appeal, he challenges the sufficiency of the evidence and a ruling of the trial court during voir dire examination. We affirm.

Because defendant challenges the sufficiency of the evidence, we shall recite the facts in the light most favorable to the state, giving the state all the reasonable inferences to be drawn therefrom. *State v. Juralos*, 611 S.W.2d 569, 570 (Mo.App.1981).

At approximately 1:55 p. m. on February 21, 1980, Thomas Cierpiot was the attendant on duty at the Midland Valley Sunoco service station in St. Louis County. At that time, after waiting on a customer, he went into the office, unlocked the cash drawer, made change and locked it again. A few minutes later, another customer drove into the station, but neither he nor the customer went into the office. At approximately 2:00, defendant, Don McKinney, and his companion drove into the station in a brown Ford station wagon. The attendant checked the car as requested by the driver, while the defendant left the car and walked into the station office. The attendant was busy and did not observe the defendant's movements in the office. After Cierpiot finished checking the car, the defendant returned. The car left the station at a high rate of speed, squealed its tires and nearly collided with another automobile on Lackland Avenue. The attendant suspecting foul play, ran inside the office, found the cash drawer unlocked and all of the money except for the twenty dollar bills missing.

The attendant informed the mechanic of the theft, told him to call the police and took up pursuit in the station truck. Within a couple of blocks, he overcame the Ford station wagon and forced it off the road. The police arrived immediately and defendant and his companion were arrested. A search of the car revealed $155 in ones, fives and tens stuffed inside the front seat. No twenties were recovered. The service station owner balanced his books the next day and reported $155 and some cents missing. The $155 was returned to him after the preliminary hearing and was not produced at trial.

█ The defendant contends this was insufficient to make a submissible case. We disagree. The defendant's guilt may be established entirely by circumstantial evidence. In *State v. Harrison*, 539 S.W.2d 119 (Mo.App.1976), the defendant's conviction for stealing a money bag near a cash register was upheld based only on circumstantial evidence. The circumstances and the facts must be consistent with each other and with the hypothesis of guilt, be inconsistent with the hypothesis of innocence, and point so clearly to guilt as to exclude every reasonable hypothesis of innocence. Circumstances need not demonstrate the impossibility of innocence. *State v. Suschank*, 595 S.W.2d 295, 297 (Mo.App.1979).

██ The defendant was present in the service station near the place where the money was kept. The presence of the accused at the place of the commission of a crime may be considered an incriminating circumstance if the total circumstances raise a reasonable inference that the accused was a participant. *State v. Chase*, 444 S.W.2d 398, 403 (Mo.banc 1969); *State v. Harrison*, 539 S.W.2d 119, 121 (Mo.App. 1976). Even the defendant admits he had an opportunity to commit the theft. But, here, the circumstances are more incriminating than mere opportunity. Five minutes prior to the time defendant was in the office, the attendant stated there was cash in the locked drawer. No one else was in the office again until defendant entered. Immediately after defendant left, the attendant discovered the drawer unlocked and $155 in ones, fives and tens missing. Defendant was apprehended a few moments later, a short distance from the station in a car with $155 in ones, fives and tens stuffed in the front seat. We think the total circumstances in this case establish defendant's guilt.

█ In his challenge to the sufficiency of the evidence, defendant also contends the trial court should have granted his motion for a directed verdict because the state did not produce the money at trial nor adequately establish $155 was taken in the theft. It is well established in this state that the *corpus delicti* may be proven by circumstantial evidence. *State v. Roper*, 591 S.W.2d 58, 62 (Mo.App.1979). In *State v. McRae*, 533 S.W.2d 663 (Mo.App.1976), defendant's convictions for stealing and burglary were affirmed, even though the stolen money was not produced at trial. Here, there was ample evidence for the jury to have concluded $155 was taken and the state's failure to produce it at trial was of

no consequence. Defendant's contention is without merit.

Defendant has one other point. During voir dire, panelist # 8 was asked several questions. After she answered, counsel approached the bench and out of the panel's hearing, it was agreed she would be dismissed for cause. The entire panel was then asked whether they knew anyone who had been the victim of a stealing offense. The following colloquy then ensued:

PANELIST [# 8]: There was several break-ins in my neighborhood lately.

.    .    .    .    .

[PROSECUTOR]: Has your home been broken into?

PANELIST [# 8]: No, but right next door, and a couple of other houses, and the fellow who broke in lives two houses down.

[PROSECUTOR]: He was caught then?

PANELIST [# 8]: There was an eye-witness, and he's out walking the street right now.

■ Counsel for the defendant objected and asked the entire panel be dismissed. The court overruled the objection. The trial court is vested with broad discretion in controlling voir dire examination and his ruling should not be disturbed unless it clearly and manifestly indicates an abuse of discretion. *State v. Gash*, 572 S.W.2d 240, 242 (Mo.App.1978). In particular, if the defendant contends a remark by a juror during voir dire is so prejudicial as to require dismissal of the entire panel, the issue to be resolved is whether the juror's remarks were in fact so prejudicial as to infect the entire panel to the prejudice of the defendant. *State v. Browner*, 587 S.W.2d 948, 951 (Mo.App.1979).

Under these circumstances, the defendant "has the burden of furnishing a reviewing court evidence that in the light of the statement made by the juror, his client's rights have been prejudiced and in the absence of any such evidence, ... we must recognize the fact that the trial court is in a better position to observe what effect, if any, the

juror's alleged prejudicial statement had on his or her fellow jurors." *State v. Browner* at 952.

■ Defendant has failed to adduce any evidence other members of the panel were affected by the remarks. We have reviewed the remarks in the context they were made and defer to the trial court's determination in this matter. This point is ruled against defendant.

Affirmed.

SNYDER and CRIST, JJ., concur.