**STATE of Missouri, Respondent,**

v.

**James Faerl JACKSON, Appellant.**

**No. WD33979.**

Missouri Court of Appeals, Western District.

July 12, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Aug. 30, 1983.

David M. Strauss, Public Defender, Jeffrey K. Rath, Asst. Public Defender, Columbia, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before DIXON, P.J., and KENNEDY and LOWENSTEIN, JJ.

DIXON, Judge.

Defendant was convicted of robbery in the first degree as a prior offender, and the court assessed the punishment of thirty years on the jury verdict. Defendant raises issues concerning a ruling on a motion to suppress identification evidence and a refusal to grant a mistrial for volunteered information concerning a prior conviction.

There is no claim of insufficiency of the evidence and for the purposes of this case, it is sufficient to say that the robbery victim identified the defendant as the man who entered a liquor store and robbed him.

The issue of the suppression of the identification testimony of the robbery victim is a matter raised only under plain error because the defendant failed to object to the in-court identification by the victim at

the time the victim testified at trial. *State v. Purnell,* 621 S.W.2d 277, 286 (Mo.1981). No plain error will be found with respect to in-court identification unless there is a very substantial likelihood of misidentification. *State v. Starkey,* 536 S.W.2d 858, 865 (Mo. App.1976). In determining whether an identification procedure is so impermissibly suggestive as to give rise to a very substantial likelihood of misidentification, the court examines the "totality of the circumstances." *State v. Higgins,* 592 S.W.2d 151, 159 (Mo. banc 1979), *appeal dismissed,* 446 U.S. 902, 100 S.Ct. 1825, 64 L.Ed.2d 254 (1980). *Higgins* requires that there be a two-step analysis. First, were the procedures employed impermissibly suggestive; and second, if they were impermissibly suggestive, did they create a very substantial likelihood of irreparable misidentification at trial? In the instant case, the victim testified that eight days after the robbery he examined five photographs shown to him by a police officer and selected one of the photographs that looked like the individual who did the robbery. On the following day, the witness viewed a lineup of six persons, all of the same general characteristics. The case at hand is similar to *State v. Burns,* 581 S.W.2d 590 (Mo.App.1979), where the court held that there was no suggestiveness in a procedure very like the one in the instant case. On the issue concerning the reliability of the testimony of the eye witness, there is no doubt that the eye witness testimony demonstrated substantial reliability under the factors for determination of such reliability set forth in *Higgins, supra.*

The issue with respect to the volunteering of information as to a prior offense arose in rebuttal testimony. The victim had identified the defendant, in part, by means of a mustache, shoulder length hair, and a scab over his right eye. At the time of trial, the hair style and mustache were different from the description given, and there was no evidence of a recent injury causing a scab. The state called the bailiff of the municipal court to testify that he saw the defendant on an occasion four days before the robbery. The bailiff identified the defendant as being the person he saw

four days before the robbery. When asked to tell the jury how the defendant "appeared" on the occasion of his having seen him four days before the offense, the witness volunteered the response that the defendant had appeared in the municipal court to ask for a stay of payment on a stealing conviction, apparently referring to a fine. This was objected to by the defense, and a motion to strike was made, as well as a request for a mistrial. The court, in clear and uncertain terms, labelled the answer as nonresponsive, ordered it stricken, and directed the jury to disregard. The court then directed the witness to describe the defendant. The motion for mistrial was overruled.

The state cites a plethora of cases where the witness has alluded to facts inferentially indicating a prior separate offense. Typical of those cases is *State v. Walker,* 531 S.W.2d 55 (Mo.App.1975). In determining the prejudicial effect of such volunteered statements, unresponsive to the question, the promptness of the trial court's action in directing the jury to disregard, the offensiveness of the conduct referred to, and the isolated nature of the statement, as well as the lack of any evidence that the state connived in any fashion to permit the testimony to come in are considered in weighing the effect of the evidence. Examining the claim of error in the light of those factors, it does not appear that this evidence was prejudicial in all the circumstances so as to require the grant of a mistrial. Here the statement was with respect to a municipal court violation. It was very brief. The trial court acted promptly in directing the jury to disregard, and the state made no attempt to utilize or emphasize the inadvertent response.

The defendant argues that there is evidence that the state connived in some fashion to put the evidence before the jury. The record does not support that assertion. It is true that the state knew that the defendant was in municipal court for a specific purpose, but the state, confronted with the necessity for using the bailiff of the municipal court and specifying the date and

occasion for that witness's view of the defendant, would necessarily have to prove the place where the defendant was seen by the witness. The defendant, immediately before the witness took the stand, had raised the issue of the possible proof of the reason for the defendant's presence in the municipal court. The state announced the purpose and content of the examination and indicated it would not inquire as to the reason for the defendant's appearance in municipal court.

Under similar circumstances, mistrial was not required. *State v. Crawford,* 619 S.W.2d 735 (Mo.1981). "The officer's statement was volunteered, and there is nothing to indicate that the answer constituted a conscious effort on the part of the prosecutor or of the witness to inject a prejudicial inference, or that it was anything but an innocent and unintentional revelation." *Id.* at 740.

The judgment of conviction is affirmed.

All concur.