**STATE of Missouri, Respondent,**

v.

**Ellen REASONOVER, Appellant.**

**No. 47807.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 5, 1985.

MacArthur Moten, St. Louis, George E. Hairston, NAACP, Brooklyn, N.Y., for appellant.

William L. Webster, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Presiding Judge.

Ellen Reasonover, appellant, appeals her conviction for stealing, a class C felony, § 570.030 RSMo 1978, and seven year sentence, pursuant to the jury's verdict in the Circuit Court of St. Louis County.

On appeal, appellant contends the trial court erred in: (1) failing to suppress unreliable and suggestive identification testimony; (2) failing to suppress identification

testimony which was based on an illegally obtained photograph; (3) failing to exclude inadmissible hearsay testimony; (4) failing to order full disclosure of the consideration offered in exchange for testimony; (5) failing to require the best evidence in regard to the value of the lost property; (6) failing to instruct the jury on a lesser and included offense; (7) failing to hold an instruction conference; (8) failing sua sponte to declare a mistrial because of ineffective assistance of counsel; (9) failing to dismiss the charge due to insufficient evidence. We affirm.

Viewed most favorably to the state, the evidence established that on February 3, 1983, at approximately 5:50 p.m., a 1979 grey Mercury sedan pulled into a Sunoco service station located at Highway 141 and Olive Street in West St. Louis County. The car was occupied by two men and one woman, the appellant. The service station was manned by the manager, Charles Zeiter, and Channing Kronauge, an attendant. The appellant was the first to exit the car. She walked over to the brightly lit office and went inside to purchase cigarettes. As Zeiter left the office to service the automobile, he looked at the woman for 15–20 seconds and passed within five feet of the appellant's unobstructed face which he viewed for about 7.5 seconds. Kronauge was in the office also, getting change from an unlocked cash box for another customer. Kronauge then left the office. The appellant was left alone in the office for approximately five minutes. During the time that the appellant was alone in the office, Zeiter was busy checking the fluids underneath the hood of the Mercury per the instructions of the driver and Kronauge was giving directions to the other passenger in the Mercury. Soon after, the appellant and the two men left together without making any purchases. Zeiter and Kronauge went into the office and discovered that money had been removed from the cash box. The police were notified of the theft at 5:56 p.m. When the police arrived, only Zeiter was able to identify the appellant. He described her as being about 25–30 years old, dark complected, about five feet ten

inches tall, one hundred fifty pounds, with short curly hair, and dressed in blue jeans and a grey knee length coat. Zeiter was unable to determine the amount of the loss until the standard procedure of pump reading was made the morning of the next day. The pump reading showed that the previous day's receipts were $423.00 short. Zeiter admitted that he never saw the appellant remove the money.

On February 7, 1983, Zeiter was asked to view some photos of men and women by Captain Dan Chapman of the Dellwood Police Department. Zeiter chose two photos, a photo of the appellant and a photo of the driver, Stanley White, appellant's ex-boyfriend. Zeiter stated he was 100% sure on his identification of the appellant, 90% sure of his identification of the driver, and that he was in no way coached by Captain Chapman.

On February 8, 1983, Zeiter, accompanied by Chapman, viewed a female lineup at the St. Louis County Minimum Security Institution. Zeiter identified the appellant who was dressed in a grey coat and blue jeans. Zeiter was 100% sure of his identification. On February 9, 1983, Zeiter viewed a male lineup and chose Stanley White. However, he was only 90% sure of his identification of White.

Further, the evidence showed that on February 9, 1983, appellant had a conversation with Mary Ellen Lyner in the presence of three other inmates in a holdover cell at the St. Louis County Courthouse. Lyner testified that the appellant sat down next to her and stated "those motherfuckers picked me out of a lineup. I told him we should have blown their brains out." Lyner also testified that one week later she had another conversation with the appellant at the Gumbo detention center. Lyner testified that appellant said "she was going to tell her lawyer the only reason she had been at the gas station that day was to get change for a twenty dollar bill."

On February 23, 1983 Lyner contacted the St. Louis County Prosecuting Attorney's office and made an agreement for

her testimony. The testimony showed that the agreement was consummated after Lyner, who has twelve felony convictions, revealed the extent of the aforementioned conversations. The agreement was a one year sentence on four forgery charges in exchange for her testimony. Additional evidence revealed that two other charges were *nolle prossed* after the deal was made. These dismissals were not part of the agreement. Lyner was placed on a work release program.

The appellant's first point concerns the in court identification of the appellant by Zeiter. The appellant claims want of due process because of the trial court's decision not to suppress Zeiter's identification testimony as invalid based upon unrealiability and suggestiveness. The attack is threefold: (1) that the on-scene description given by Zeiter to the police was unreliable; (2) that the photographic array on February 7 was suggestive; and (3) that the lineup on February 8 was suggestive.

The test of admissibility of identification testimony is not whether the out of court identification is suggestive, but rather, whether the in court identification is reliable based on recollections independent of the pretrial identification as assessed under the totality of the circumstances. *State v. Littleton,* 649 S.W.2d 225, 227 (Mo. banc 1983). The factors to be considered in determining whether identification testimony is sufficiently reliable include: (1) the opportunity of the witness to view the defendant at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the defendant; (4) the degree of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. *Littleton* at 227.

An application of these factors here confirms that the admission of the identification testimony did not violate due process. First, Zeiter had ample opportunity to view the appellant. The trial record indicates that the appellant and the two men were at the station for four to five minutes. In addition, Zeiter was in close proximity, five to six feet, to the appellant. He had a clear view of the front and side of appellant's face. Second, the record indicates that Zeiter was able to focus a great degree of attention on the appellant. He saw the appellant leave the car and watched her enter the station office. Furthermore, the service station was not busy at the time of her arrival and she was the only person to leave the car initially. Third, Zeiter's prior description of the appellant is accurate. The only challenge was to Zeiter's description of appellant's complexion and hair length. Zeiter identified the appellant as having a dark complexion with short curly hair. Our review of the photo exhibits indicate that although her contention may have some merit in comparison with the other ladies in the exhibits, Zeiter's description was substantially correct. Fourth, Zeiter stated he was 100% certain of his identification of both the photo and lineup confrontations. Fifth, the five day time lag between the time of crime and the lineup was not enough to undermine the reliability of the identification testimony. *See State v. Higgins,* 592 S.W.2d 151, 160–161 (Mo. banc 1979).

The second allegation concerns the alleged suggestiveness of the February 8, 1983 photo lineup. Specifically, appellant claims that because of her attractiveness and the fact that her photo was larger and of a different type, the lineup was impermissibly suggestive. The general rule is that the state is required to conduct lineups using people who have the same general characteristics. *State v. Jackson,* 657 S.W.2d 44, 46 (Mo.App.1983). However, it has been held that an array of standard "mug shots" with a different type of photo of a defendant did not make a photo lineup impermissibly suggestive. *State v. Heffner,* 641 S.W.2d 803, 806 (Mo.App.1982). Furthermore, it was stated in *State v. Haymon,* 639 S.W.2d 843, 845 (Mo.App.1982) that, it is unreasonable to assume that the members of a lineup can be identical in appearance. Dissimilarity in physical appearance alone is insufficient to

establish impermissible suggestiveness. Further, if the defendant has some type of inherent physical abnormality or distinctive appearance, no lineup or photographic array can provide subjects reasonably close in appearance. *Haymon* at 845. Where defendant has distinctive characteristics the likelihood of misidentification may be nonexistent, regardless of the circumstances of the confrontation. Further, Zeiter received no coaching from the assisting officer and was one hundred percent (100%) sure of his identification. Accordingly, we hold that the photo lineup was not impermissibly suggestive.

■ Her final contention is that the physical lineup conducted on February 9, 1983 was impermissibly suggestive because of Zeiter's expectancy of viewing the appellant and because the subjects were of "contrasting heights and other stuff." Our review of the photographic record of the physical lineup shows six black women. They were all a little different. It is unreasonable to require that the members of the lineup be identical in appearance. No evidence has been presented that rebuts the conclusion that the lineup was fair and compatible to her general characteristics. *State v. Lee*, 491 S.W.2d 317[8] (Mo. banc 1973).

Concluding, we find that the trial court correctly admitted the identification testimony.

In her second point, appellant contends that the photograph used by the state to obtain the initial identification of the appellant was the fruit of an illegal arrest and, therefore, it was plain error to admit the testimony regarding this identification. In order for the plain error rule to be invoked, the record must indicate that the alleged error resulted in manifest injustice. Rule 29.12.

■ The doctrine of the fruits of the poisonous tree is inapplicable if the evidence emanated from an independent source, or the causal connection between the primary illegality and the prosecution's proof became so attenuated as to dissipate

the taint. *State v. Lynch*, 528 S.W.2d 454, 459 (Mo.App.1975). Zeiter's identification emanated from a source independent of the arrest, i.e., his recollection of the theft. Therefore, an illegal arrest would not render the photographing of appellant and the use of the photograph constitutionally impermissible. *State v. Olds*, 569 S.W.2d 745, 752 (Mo. banc 1978). Zeiter's identification of the appellant emanated from his recollection of the events, not the photo display. Thus, an illegal arrest would not taint the identification. Since no manifest injustice occurred by the admission of the identification testimony, appellant's point two is not meritorious.

■ Appellant's third contention is that the trial court erred in denying her motion in limine to suppress the testimony of Mary Ellen Lyner. Appellant argues that Lyner's testimony concerning her conversation with appellant was inadmissible hearsay, irrelevant, prejudicial and without proper foundation. The essence of Lyner's testimony was appellant's alleged reason for being at the crime scene, appellant's need for an attorney, the fact that appellant was afraid of going to prison, and appellant's statements concerning the physical lineup. Admission of evidence complained of in a motion in limine must be objected to at trial to be properly preserved for appeal. *State v. Kayser*, 671 S.W.2d 352, 355 (Mo.App. 1984). The record shows that the appellant failed to object to the testimony at trial. Without preservation, we may consider the point under the plain error rule. Rule 29.-16(b). Appellant has not met this burden.

■ Questions of relevancy are left to the discretion of the trial court and the ruling will be disturbed only if an abuse of discretion has been shown. *State v. Wood*, 596 S.W.2d 394, 402 (Mo. banc 1980). The testimony is relevant to the issues in the stealing case because it tended to prove appellant's presence at the crime scene.

Further, the appellant argues that the testimony is inadmissible hearsay not coming within any recognized hearsay exception. *State v. Green*, 639 S.W.2d 128, 130 (Mo.App.1982), held that "statements are

admissible as an admission against interest if they are made freely and voluntarily by persons accused of a crime." The court held further that "any statement indicating a consciousness of guilt is admissible as a circumstance against him on his trial." There is no evidence that appellant's statements to Lyner were involuntary. Further, they tended to indicate a consciousness of guilt and were against her interest. Accordingly, the statements were admissible.

■■■■ The appellant's fourth point raises an allegation of error for the first time. Appellant asserts that the state failed to disclose the full extent of the consideration given to Mary Ellen Lyner in exchange for her testimony, a violation of due process. In making this claim, appellant requests that we review an N.C.I.C. computer printout that lists the dispositions of post and current charges against Lyner. The printout was not preserved in the record below. The state argues that the alleged nondisclosure cannot be directly reviewed by this court because the printout is not a part of the trial record. We agree. The prevailing view is that assertions of fact not contained in the trial court record may not be considered by a reviewing court on direct appeal. *State v. Andrade*, 534 S.W.2d 595, 597 (Mo.App.1976). Furthermore, an attack of the credibility of the state's witness on due process grounds cannot be presented for the first time in a brief on appeal. *State v. Thomas*, 596 S.W.2d 409, 413 (Mo. banc 1980).

■■■ Appellant also contends that the order of this court dated October 5, 1984 allowed her to expand the record on appeal. She contends that the order entitled her to add the N.C.I.C. printout to the record on appeal. The order, however, directed that any supplemental record on appeal "shall only include matters submitted to the trial court." Accordingly, the N.C.I.C. printout cannot be made a part of this record. Therefore, appellant's claim is without merit.

■■■ Appellant's fifth point is that Zeiter's testimony regarding the value of the stolen property was inadmissible hearsay and clearly not the best evidence of the value of the stolen property. The appellant relies on *State v. Robinson*, 588 S.W.2d 247, 248 (Mo.App.1979), and *State v. Dixon*, 420 S.W.2d 267, 271 (Mo.1967), in support of her position. The appellant, however, fails to consider that the testimony, in these cases, was not based on personal knowledge. Here, Zeiter had personal knowledge of the loss and thus his testimony did not constitute hearsay and would be admissible. *State v. Smith*, 650 S.W.2d 640, 641 (Mo.App.1983). The facts show that Zeiter personally entered the daily pump readings, determined the amount of the loss, and was subject to cross-examination. Accordingly, we find that the trial court did not erroneously admit the testimony.

■■■ The appellant also argues that Zeiter's testimony is clearly not the best evidence. Generally, the best evidence rule comes into play when the terms of a writing are in dispute. *State v. Smith*, 650 S.W.2d at 641. Here, the writing itself was not in dispute, it merely played a collateral role. The dispute related to the amount of money that was missing. Accordingly, we find that the best evidence rule plays no role in the determination of the issues before this court.

■■■ Further, the evidence is clearly relevant in the determination of a primary element. The statute requires that "the value of the property appropriated be in excess of $150." Section 570.030.2(1) RSMo 1978. Here, Zeiter, the station manager, testified to the best of his knowledge, based upon his mathematical computations, that $423 was missing. Accordingly, we find that the trial court did not act outside of the scope of its discretion by admitting the testimony. Therefore, appellant's point is without merit.

In appellant's sixth and seventh points she argues that the trial court committed plain error by its failure to instruct the jury on the lesser included offense of steal-

ing under $150 and failing to hold an "on the record" instruction conference, thus depriving the appellant of an opportunity to object to the court's failure to submit a lesser offense instruction.

▇ The evidence indicated $423 was stolen. Section 556.046.2, RSMo 1978, limits the requirement of instructing down to those instances where there is some affirmative evidence of a lack of an essential element of the higher offense which would not only authorize acquittal of the higher but sustain a conviction of the lesser. *State v. Olson*, 636 S.W.2d 318, 322 (Mo. banc 1982). We find that the trial court did not commit plain error. No essential element of stealing over $150 is missing.

Further, the prevailing view is that "a defendant may not complain about a court's failure to give a lesser offense instruction unless the defendant requests it specifically." *State v. Olson*, 636 S.W.2d at 323. The record fails to disclose any attempt by the appellant to submit an instruction or a request for an instruction conference. In any event, she was not prejudiced. The evidence at trial—that $423 was stolen—and her alibi defense mandate an instruction limited to the higher offense. *See State v. Bibbs*, 634 S.W.2d 499, 502 (Mo.App.1982). Accordingly, appellant's sixth and seventh points are without merit.

Appellant's eighth point is that she has been denied effective assistance of counsel in that her trial counsel failed to subpoena witnesses to rebut Mary Ellen Lyner's testimony and denied her the right to testify. The prevailing view is that "allegations of ineffectiveness of counsel are not ordinarily reviewable on direct appeal from a judgment of conviction. A proceeding under Rule 27.26, wherein the issue can be fully explored, is the usual remedy." *State v. Mitchell*, 620 S.W.2d 347, 348 (Mo. banc 1981). Nevertheless, the appellant points to Rule 27.12(b) and requests this court to consider the ineffectiveness of her counsel under the plain error rule. The appellant concedes that such review is discretionary.

▇ We shall not afford such review to the appellant at this time. An adequate record does not exist to evaluate counsel's effectiveness. An appellant who seeks to have a sentence vacated on the theory that she has been denied effective counsel must show that she has been prejudiced by counsel's failure to meet the "reasonably competent attorney" standard. *Phillips v. State*, 639 S.W.2d 270, 273 (Mo.App.1982). In order to determine counsel's effectiveness, a record must be developed through the testimony of the appellant, her counsel and other witnesses. Where, as here, no such record exists, one needs to be properly developed in a Rule 27.26 hearing. Appellant's eighth point is meritless.

The appellant's final point attacks the sufficiency of the evidence. The time honored standard relating to claims of sufficiency of evidence requires that the facts and all reasonable inferences drawn therefrom shall be recited in the light most favorable to the verdict. *State v. McKinney*, 630 S.W.2d 96, 97 (Mo.App.1981). As the pertinent facts were stated at the outset of the opinion, there is no need to restate them at this time.

The appellant contends that the evidence was insufficient to sustain the jury's verdict. Here, appellant's guilt was basically established by circumstantial evidence. The circumstances and the facts are consistent with each other and with the hypothesis of her guilt and are inconsistent with the hypothesis of her innocence, and point so clearly to guilt as to exclude every reasonable hypothesis of her innocence. *McKinney* at 97. In *McKinney*, defendant was convicted for stealing over $150 on a fact pattern similar to the present situation. The defendant was present where the money was kept. Additional evidence showed that the station manager saw cash in the cash box minutes prior to the time that the defendant entered the office. No one else entered the office. Immediately after the defendant left, the money was discovered missing. Those facts were sufficient to establish the defendant's guilt.

Here, Zeiter personally saw the money in the cash box prior to the time that the appellant entered the office. The appellant was left alone in the office. No one else entered the office. The money was discovered missing immediately after the appellant left the scene. The evidence at trial discounted the possibility that Zeiter or the other attendant had taken the money. Finally, the appellant was positively identified at two timely pretrial identifications as well as the positive in court identification. The above evidence is sufficient to warrant the jury's verdict under the *McKinney* standard. Accordingly, we hold that the trial court did not err in overruling the appellant's motions for judgment of acquittal at the close of the state's case and at the close of all of the evidence.

The judgment of the trial court is affirmed.

STEPHAN, C.J., and KELLY, J., concur.