**STATE of Missouri, Respondent,**

v.

**Janice F. ELEY, Appellant.**

**No. 50338.**

Missouri Court of Appeals,
Eastern District,
Division Two.

June 24, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 29, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Deborah Lambdin Stockhausen, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Janice F. Eley (defendant) appeals from a jury conviction of acting with another to steal an automobile, Sec. 570.030, RSMo (1978). The trial court sentenced defendant to fifteen years' imprisonment. On appeal, defendant asserts the trial court erred in failing to grant a mistrial or quash the venire panel, because of the alleged prejudicial statement by one member of the venire panel. We affirm.

The sufficiency of the evidence is not questioned. On September 22, 1983, defendant went to a car dealer and looked at several cars. Defendant went on a demonstration ride in one of the cars. Later that day, defendant and her husband returned to the dealer, and asked to test drive the car. Defendant's husband produced a false driver's license. Defendant and her husband left in the car and did not return. Later that afternoon, someone tried to sell the car to a used car dealer.

In her sole point on appeal, defendant asserts the trial court erred in failing to grant a mistrial or quash the venire panel, because during voir dire one venireperson who had previously been married to a public defender stated it was her understanding the defendant could not testify she did not commit the crime if she told her attorney she did commit the crime. Defendant maintains this statement tainted the entire venire panel and deprived defendant of her constitutional right against self-incrimination.

We first note defendant did not request the trial court to declare a mistrial or quash the venire panel. Absent a timely request for the specific relief desired, our review is limited to whether the trial court's actions fall under the plain error rule. *See State v. Evans,* 639 S.W.2d 820, 822 (Mo.1982); Rule 30.20.

We find no plain error. The trial court has discretion to determine how statements of individual jurors affect the venire panel, and what action to take to assure defendant a fair trial. *State v. Browner*, 587 S.W.2d 948, 951 (Mo.App.1979). The trial court is in a better position to make such a determination. *State v. McKinney*, 630 S.W.2d 96, 99 (Mo.App.1981). In addition, disqualification of an individual venireperson for bias or prejudice, even when requested, is not a sufficient ground for challenging the entire venire panel. *Browner*, 587 S.W.2d at 951. Defendant did not request the trial court to disqualify this venireperson for cause. The record in this case indicates no reason to believe the venireperson's remarks had any effect on the other members of the panel. Defendant offers no basis to support the alleged prejudice. We find no abuse of the trial court's discretion in failing to grant a mistrial or quash the venire panel *sua sponte*.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.