STATE of Missouri,
Plaintiff-Respondent,

v.

Albert PATTERSON,
Defendant-Appellant.

No. 14738.

Missouri Court of Appeals,
Southern District,
Division One.

March 10, 1987.

William L. Webster, Atty. Gen., Byrona J. Kincanon, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Francis J. Siebert, Scott City, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Albert Patterson, was charged with, and jury-convicted of, the class C felonies of second degree burglary and stealing and, after a finding by the trial court that Patterson was a prior offender due to previous convictions for burglary and stealing, was sentenced to consecutive prison terms of seven years and four years.

One of Patterson's contentions on appeal is that the evidence introduced at trial was insufficient to support the jury verdicts. For that reason, it is necessary to recast the pertinent evidence, keeping in mind that we view the evidence and all reasonable inferences therefrom in the light most favorable to uphold the jury verdict. *State v. Barker,* 700 S.W.2d 128, 129 (Mo.App. 1985).

■ The evidence in the case was entirely circumstantial. In such cases, the facts and circumstances must be consistent with each other and with the hypothesis of guilt, and must be inconsistent with defendant's innocence and exclude every reasonable hypothesis of his innocence. However, the circumstances need not be absolutely conclusive of guilt, and they need not demonstrate impossibility of innocence. The mere existence of other possible hypothesis is not enough to remove the case from the jury. *State v. Goddard,* 649 S.W.2d 882, 884 (Mo. banc), cert. denied, 464 U.S. 997, 104 S.Ct. 495, 78 L.Ed.2d 689 (1983).

The state's evidence was as follows. On December 20, 1983, Alvin E. "Bud" Mills, a trooper with the Missouri State Highway Patrol, his wife, Sandra, and daughter, Dena Kay, resided at 202 William Street in Sikeston, Missouri. On that day, it was cold, and two to three inches of fresh snow covered the ground. About 5:25 P.M., Mrs. Mills and her daughter left the family home to go to the grocery store. When they returned, they found the house had been unlawfully entered and several items, including Christmas gifts, jewelry, a VCR unit, and a shotgun belonging to Trooper Mills had been stolen.

Mrs. Mills called her husband at work and told him about the burglary. Mills and several other police officers came to the home. They discovered fresh footprints in the snow leading to and away from the

back door of the Mills home, where entry had been made. The prints had been made by a boot whose soles were unusual because "they had long cleats on them and with a horseshoe on the front part of the shoe, and then there was some shorter ones with the same style on the heel part...." The officers backtracked the footprints which led them to 402 Daniel Street where Albert Patterson, his brother Larry, and two other men were found in an apartment.

Albert was wearing a pair of wet leather boots whose tread matched the prints traced in the snow. After being arrested and while being transported to the Scott County jail by Mills, Patterson told Mills that, if he would allow Patterson to make a phone call "he would see that I got my stuff back." Mills' shotgun was later found on the hood of a car in Charleston, Missouri, which is near Sikeston, and returned to Mills. Plaster casts were made of the footprints in the snow. These casts matched the tread on the boots taken from the feet of Patterson.

■ Based on this evidence, it is our opinion that the state made a submissible case. The point has no merit.

Patterson also asserts that the trial court erred in failing to quash the entire jury panel after Naomi Caudle, a prospective juror, allegedly made prejudicial remarks concerning Patterson's alibi witnesses.

Mrs. Caudle, who worked in a furniture store in Sikeston, knew Patterson, as well as a number of witnesses for the state and the defense. When asked if her relationship with Albert or his mother, Beatrice, would interfere with her ability to be impartial, Mrs. Caudle said, "That's not a problem. I certainly could." When asked if her business relationships with several of Patterson's prospective witnesses would cause her any problems, Mrs. Caudle said, "I'm finding that extremely difficult to answer. I don't know." Defense counsel then asked her if she would be comfortable serving as a juror knowing those people might be witnesses. Her answer was, "No, I'm afraid I may be predisposed to think harsh things." No objection was made by defense counsel at that time, and there was no challenge for cause.

Later, after voir dire was complete, defense counsel moved to strike the entire jury panel because of the statements of Mrs. Caudle. The motion was denied. However, the court did strike Mrs. Caudle from the jury panel for cause.

■ Patterson has the burden of showing that Mrs. Caudle's comments were so prejudicial as to infect the whole panel to his prejudice. He has not done so. The trial court was in a much better position than we to observe what effect, if any, Mrs. Caudle's statements had on her fellow jurors. We find no abuse of its discretion in refusing to quash the entire jury panel because of her remarks. *State v. McKinney.* 630 S.W.2d 96, 99 (Mo.App.1981). The point has no merit.

In his remaining point relied on in his brief, Patterson contends that the trial court erred in failing to instruct the jury that his wearing shackles, while being transported back to court after a lunch break, was not to be considered as evidence of his guilt.

The incident was not brought to the trial court's attention during trial, and no such instruction was requested by Patterson's attorney. There was no allegation in Patterson's motion for new trial that the trial court erred in failing to, sua sponte, give such an instruction. Trial judges are not clairvoyant, and cannot be convicted of error on an issue that is not brought to their attention at some stage of the proceedings. The point was not preserved for review. *State v. Mondaine,* 655 S.W.2d 540, 544 (Mo.App.1983).

■ Plain error review is not justified as there is no proof that the jury saw Patterson while he was shackled or, if they did, that they were prejudiced thereby. The point has no merit.

Judgment affirmed.

CROW, C.J., and FLANIGAN, J., concur.