**STATE of Missouri, Plaintiff-Respondent,**

v.

**Donald Garfield COX, Defendant-Appellant.**

No. 52434.

Missouri Court of Appeals, Eastern District, Division Two.

Sept. 22, 1987.

Motion for Rehearing and/or Transfer Denied Oct. 23, 1987.

Application to Transfer Denied Dec. 15, 1987.

Maria V. Perron, Asst. Public Defender, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Defendant appeals from his conviction by a jury of escape from confinement and stealing a motor vehicle. The trial court sentenced him as a persistent offender to terms of imprisonment of ten years for the escape offense and fifteen years for the stealing offense, terms to run consecutively. We affirm.

On appeal defendant contends the trial court erred in: (1) denying his motion to suppress the identification testimony of Erwin Janko and Jeffrey Morgan; and (2) denying his motion to sever his trial from the trial of codefendant Robert Burroughs.

Although the sufficiency of the evidence is not challenged, the following statement of the facts adduced at trial is necessary for disposition of the issues raised. The evidence showed that defendant and Burroughs were serving prison terms at the Missouri Eastern Correctional Center in Pacific, Missouri, defendant for first degree murder and Burroughs for first degree robbery with a dangerous and deadly weapon. On July 12, 1985, the two men were in a crew working in the prison garden, outside the perimeter fence of the prison. The garden crew was left unsupervised in the prison garage, also outside the fence, for about twenty-five minutes. Defendant and Burroughs fled the garage while their supervising officer was gone. Their prison clothing was found partially concealed on the far side of the woods bordering the prison.

The next day, Saturday July 13, the two men showed up at the Curt Ogden Equipment Company (hereinafter Curt Ogden) in Fenton, Missouri at about 6:30 p.m. They asked to use the telephone, stating that their boat had sunk in the nearby river. Two Curt Ogden employees, Janko and Morgan, were closing the business for the day, but they allowed defendant and Burroughs to use the phone. Defendant and Burroughs were in the office using the telephone for approximately fifteen minutes. Janko was also in the office finishing work and waiting for the men to complete their call. Morgan was in and out of the office as he prepared to close the business. He ushered the two men out of the building when they finished their call. When Morgan and Janko left, they saw defendant and Burroughs sitting on the grass next to a boom truck owned by Curt Ogden.

On Sunday Curt Ogden reported the boom truck had been stolen. The truck was recovered at 6:00 p.m. that day in Cape Girardeau, Missouri. The police dusted the truck for fingerprints, and several prints were found. Later comparison showed four of the prints on the truck and toolbox matched those of codefendant Burroughs. On July 17 defendant and Burroughs were apprehended in Forrest City, Arkansas, in a stolen vehicle.

About a week after the boom truck was stolen, Morgan and Janko gave descriptions of the two men they had seen the evening of July 13. On August 28 Officer Gene Noblin of the Fenton police department showed a photographic lineup to Morgan and Janko. Officer Noblin had each of them separately view two sets of five photos. One set had a photograph of defendant, and the other set contained one of Burroughs. Noblin asked each witness whether any of the photos resembled the men he had seen on July 13. Both Morgan and Janko independently chose the photographs of defendant and Burroughs.

Burroughs was tried separately and convicted on a charge of escape from confinement. At that trial Morgan and Janko identified Burroughs as one of the men they had seen at Curt Ogden on July 13. Subsequently the trial court granted the state's motion to join for trial the charge against Burroughs for stealing a motor vehicle with the stealing and escape charges pending against defendant.[1] Defendant's conviction of escape and stealing are the basis for this appeal.

Prior to the joint trial the state filed with the court an agreement not to mention Burroughs's escape conviction. During cross-examination of Morgan, Burroughs's counsel attempted to impeach Morgan with his testimony from Burroughs's previous trial. On redirect the prosecutor asked, "The last time you were in trial, you only saw one of them; is that right?" After the trial court refused to grant a mistrial because of the use of the word "trial," both the prosecutor and defendant's counsel made brief references to the prior testimo-

---

1. In an opinion handed down this same date, we affirm the conviction of Burroughs. *See State* *v. Burroughs*, 740 S.W.2d 272 (Mo.App.1987).

ny without mentioning another trial or conviction.[2]

At trial defendant moved to suppress the identification testimony of Morgan and Janko, alleging the photographic lineup was impermissibly suggestive. At the suppression hearing the state presented the testimony of Office Noblin. He described the procedures employed with the witnesses and the result of the lineup. On cross-examination he stated that the photos of defendant and Burroughs had backgrounds similar to each other, but different from the other photographs used. The court denied the motion to suppress, and Morgan and Janko were permitted to testify, identifying defendant and Burroughs as the men they saw on July 13 and describing the photographic lineup presented by Officer Noblin.

In his first point defendant argues that the photo lineup was impermissibly suggestive, giving rise to a substantial likelihood of irreparable misidentification. He alleges the distinctive common background of the photos of defendant and Burroughs drew the witnesses' attention to that particular photograph in each array.

We note that both witnesses made positive in-court identifications. The principle relevant to the admissibility of identification testimony is stated in *State v. Toney,* 680 S.W.2d 268, 275–76 (Mo.App.1984):

Thus, in considering the out-of-court identifications, a two-step analysis is required. *State v. Higgins,* 592 S.W.2d 151, 159 (Mo.1979). First, the police procedures are to be considered to determine if they are impermissibly suggestive. Second, if they are found to be impermissibly suggestive, then the inquiry turns to the reliability of the in-court identification. In determining reliability, the court looks at the "totality of the circumstances" including:

(1) The opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness'

prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.

*State v. Sanders,* 621 S.W.2d 386, 389[1, 2] (Mo.App.1981).

In applying the first step, we note that the procedures employed by Officer Noblin were not impermissibly suggestive. *See State v. Washington,* 707 S.W.2d 463, 467 (Mo.App.1986). The testimony of Morgan and Janko indicates they selected defendant's and Burroughs's photographs based on memory and the resemblance of the photos to the men, not because of any difference in the backgrounds. The fact that the background of defendant's and Burroughs's photographs may have been different from the background of the other photos did not make the lineup impermissibly suggestive. *State v. Reasonover,* 700 S.W.2d 178, 182 (Mo.App.1985). Moreover, under the "totality of the circumstances" the identification of defendant and Burroughs by Morgan and Janko shows reliability. *Washington,* 707 S.W.2d at 467–68. Defendant's first point is denied.

Defendant also contends that the court erred in denying his motion to sever his trial from that of Burroughs, because Burroughs had already been tried and convicted of escape and the jury could logically infer this fact.

As stated previously, defendant and Burroughs initially were separately charged with escape and stealing a motor vehicle. Burroughs was tried separately on the escape charge and convicted. The trial court sustained the state's motion to consolidate for trial Burroughs's stealing charge and defendant's escape and stealing charges. At that time the state filed a memorandum with the court that stated "State hereby agrees, at the trial of ... defendants ... to at no time mention, for impeachment or otherwise, the fact that defendant Burroughs was *convicted* of the aforementioned escape." Just prior to the joint trial

---

**2.** For the details of the cross-examination and redirect of Morgan *see Burroughs,* 740 S.W.2d at 273–274.

defendant moved to sever his trial from that of Burroughs. The trial court denied defendant's motion.

At the time of trial present Supreme Court Rule 24.06 was in effect. It provides:

(a) If two or more defendants could have been joined in the same indictment or information but they are charged in separate indictments or informations, the court may order the defendants to be tried jointly upon motion of any party.

(b) If two or more defendants are charged in an indictment or information, all defendants shall be tried together unless the court orders a defendant to be tried separately. A defendant shall be ordered to be tried separately only if the defendant files a written motion requesting a separate trial and the court finds a probability of prejudice exists or:

(1) The defendant is subject to assessment of punishment by the jury and the defendant shows a probability of prejudice would result from this fact if he is not tried separately; or

(2) There is, or may reasonably be expected to be, material and substantial evidence not admissible against the defendant that would be admissible against other defendants if a separate trial is not ordered; or

(3) There is an out-of-court statement that is not admissible against the defendant that would be admissible against other defendants if a separate trial is not ordered unless the court finds the out-of-court statement can be limited by eliminating any reference to the defendant; or

(4) A separate trial is necessary to a fair determination of whether the defendant is guilty.

Defendant argues that the reference made during trial to a prior trial or prior hearing enabled the jury to infer that Burroughs already had been convicted of escape, thereby prejudicing his case. Construing defendant's claim in its most favorable light, we read it to allege that a probability of prejudice existed under Rule 24.-06(b)(2) based upon the inadmissibility of evidence of codefendant's escape conviction against him. We believe that defendant's argument is without merit.

■ The evidence shows that defendant and Burroughs initially could have been jointly charged with escape and stealing the motor vehicle. *See* Rule 23.06. It appears that any of the evidence admissible against one also would have been admissible against the other. However, Burroughs had been convicted separately of escape at the time of the joint trial, making evidence of Burroughs's conviction of the joint escape prejudicial to defendant Cox. The prosecutor promised not to mention that conviction, and in our view of the record, he did not do so. Codefendant's counsel opened up the issue of a previous hearing in his attempted impeachment of the state's witness, Morgan. The prosecutor properly attempted to clarify Morgan's present testimony and eliminate the purported conflict with his prior testimony. Neither the questions of the attorneys nor the responses of Morgan referred to a conviction. While a jury might reasonably infer from the prosecutor's questions and Morgan's responses that Burroughs had been identified by the witness in some sort of prior proceeding involving only him, we find nothing from which a jury could infer that he already had been convicted of escape. We find that the trial court did not abuse its discretion in refusing to grant the motion for severance. *See State v. Pizzella*, 723 S.W.2d 384, 386 (Mo. banc 1987).[3]

Judgment affirmed.

DOWD, P.J., and GARY M. GAERTNER, J., concur.

---

**3.** *Pizzella* involved circumstances similar to those in the present case: the trial court denied the defendant's motion for severance after the codefendant, who was charged in a separate

indictment, was joined for trial with the defendant. The supreme court reviewed the defendant's challenge to § 545.880, the statutory provision on severance of defendants. Section 545.-880, in effect at the time of defendant's trial, was intended to annul previous Rule 24.06. Subsequent to the enactment of § 545.880, the supreme court amended Rule 24.06. *Pizzella,* 723 S.W.2d at 385. The amended version of Rule 24.06 was in effect at the time of the trial in the case at bar. Although the court in *Pizzella* was not interpreting present Rule 24.06, we believe the court's discussion of § 545.880 is instructive.