STATE of Missouri,
Plaintiff–Respondent,

v.

Bernie Leon FARMER,
Defendant–Appellant.

No. 15733.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 28, 1989.

ing jury trial he was convicted of Count I, rape; Count II, armed criminal action arising out of the rape; Count III, burglary; Count IV, armed criminal action arising out of the burglary; Count V, robbery; and Count VI, armed criminal action arising out of the robbery.

Defendant was sentenced as a prior offender to 30 year terms of imprisonment on Counts I, II, V, and VI and 15 year terms on Counts III and IV. The terms on Counts I, II, III and V are to be served consecutively and the sentences on Counts IV and VI are concurrent with the sentence assessed on Count II. Defendant appeals.

Defendant presents two points for our consideration. His first contention is that the trial court erred in permitting the testimony of two witnesses who identified him as unlawfully entering their house and committing the offenses charged. Defendant contends that their identification testimony resulted from suggestive pretrial identification procedures.

Before trial defendant filed a motion to suppress the identification testimony and stated this contention in his motion for new trial. He did not object when the testimony was presented at trial. Failure to object fails to preserve this issue for appellate review. *State v. Pettit*, 719 S.W.2d 474, 477 (Mo.App.1986). Therefore, our review is limited to determining if "plain error" occurred, that is, error resulting in "manifest injustice or miscarriage of justice". Rule 30.20.

An examination of the record shows no plain error. Under the "totality of the circumstances", there was no abuse of the trial court's discretion in admitting the identification testimony. See *State v. Winningham*, 733 S.W.2d 3, 5 (Mo.App.1987); *State v. Williams*, 717 S.W.2d 561, 564 (Mo.App.1986).

Defendant's remaining point is that the trial court erred in permitting the prosecuting attorney in closing argument to misstate the testimony of two witnesses regarding statements defendant made to them. The prosecutor said that defendant "tells Mr. Pounders [an acquaintance of

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

William J. Fleischaker (on appeal only), Roberts, Fleischaker & Williams, Joplin, for defendant-appellant.

PREWITT, Judge.

Defendant was charged with six criminal offenses at a house in Battlefield. Follow-

defendant] that he's been walking all night from the lake" and told Mrs. Pounders, regarding possessions taken from the house he was charged with entering, "I've got to sell this stuff to make money for my brother."

The state admits, and the record reflects, that the comments were erroneous. However, as this matter was not raised in defendant's motion for new trial, it was not preserved for appellate review. Rule 29.-11(d). Again review is for plain error under Rule 30.20.

There was testimony from Mrs. Pounders that defendant said he needed money and similar testimony from an occupant of the house entered. An operator of a restaurant in Battlefield said that defendant told him the morning of the offenses that he had walked from "some lake". Basically, the statements attributed to defendant were in evidence, although not from the witnesses referred to by the prosecutor. They were before the jury and the prosecutor's comments did not result in manifest injustice or miscarriage of justice. This contention is denied.

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.